3-19-0446. People of the state of Illinois, Appley v. Nancy Rish. Good afternoon, Your Honor. This is Stephen Becker for the appellant Nancy Rish. Whenever you're ready. Thank you, Judge. This appeal provides a case of first impression under the new domestic violence amendment to the petition for relief from judgment statute. This follows similarly the revolution in juvenile sentencing law. Thus, in the same manner, the legislature passed this amendment to provide victims of domestic violence to have a chance to have mitigation evidence presented at a resentencing hearing. The appellant has raised three issues in her brief. The first deals with a procedural matter of pleading, whether the court erred in concluding that the evidence that was presented in the petition was not sufficient to show conclusively that it could change the results of a resentencing. And lastly, if those errors are demonstrated, whether the judge should be removed on remand. So I will take all those arguments in turn. First of all, Your Honor, the appellant contends that because the judge was unable to identify any defect on the face of the pleadings that he erred in granting the state's motion to dismiss. As the court is well aware in civil practice, a petition for relief from judgment follows the same rules of civil procedure. Thus, the complaint or the petition, the allegations must be taken as true and a light most favorable to the petitioner. Facts are not supposed to be inquired into. And all that the petitioner is required to do is to set forth a prima facie case. In this particular instance, in the state's motion to dismiss, there was no defect identified whatsoever. And during the hearing, we raised this issue. And even after the judge ruled that we had not met the final element with respect to the defendant's case, I asked the judge what the defect was. He was not able to identify it. And my co-counsel also asked him to identify the defect. And he was unable to identify it. Under Rule 16. Mr. Becker, I have a question. Maybe you can help me. This was an amendment to 214-01. Am I correct? That's correct, Judge. Okay. Does it have something about the verments have to meet a preponderance of the evidence standard or do the verments all taken together have to? That's correct, Judge. The statute reads that the allegations in the petition must be established by a preponderance of evidence to present a meritorious claim. So that's correct. Isn't that kind of an interesting hybrid in language? I mean, in terms of because you're you were dismissed out, right, on the motion to dismiss. Correct. But it seems like there's some weighing here going on besides or in addition to just a straight allegation, so to speak, that if taken as true, without presentation of evidence, should withstand a dismissal action, right? In ordinary circumstances. So I'm just curious as to the hybrid nature of this. It seems a little confusing. Is it to you? It is to me. I would say that's correct, Judge, because it does say about the allegations. If to state a meritorious claim, the allegations themselves must be demonstrated by a preponderance of evidence. That's what the statute reads. But there still is the requirement in civil practice law for a petition for relief from judgment, like a complaint, that all the allegations have to be taken as true. So I still think that means that the judge cannot weigh the facts or the quantum of evidence he still has to look to the allegations, as you would do in any type of civil pleading. So if he is to take them as true, okay, then preponderance of the evidence seems to be either surpluses, surplus, surplus language, or I just it to me, I know what the legislature seemed to intend is that they just didn't want an avalanche of claims coming in under this amendment, and to flood the courts, perhaps, and they tried to use this as a stopgap measure to prevent only quote meritorious claim from being proceeding further. It could be, Judge, but from our perspective, the court still has to the courtship is not allowed to weigh any evidence or make any credibility findings at the pleading stage, that would be improper. The court is supposed to look at the allegations taken as true. And the only thing that the court needs to look at is do the allegations in the petition, in fact, present a prima facie case. And I think there's no question here because the court could not identify any defect. I understand your question. But here the judge did not identify any defect whatsoever on the face of the pleading. Because of the evidence that was attached to the petition. So I think that the civil practice rules would prevail here as far as because in Vincent, for example, petitions for relief from judgment must be a situation, for example, where, you know, we filed, Ms. Bresch was accused of a misdemeanor, and the court could say, well, I'm looking at this. And, you know, it doesn't follow the elements for a forcible felony. But courts are simply not allowed to weigh the evidence at this stage, because my client would never have a chance to set forth her evidence in mitigation. And he's basically then ruling on the merits, which is completely precluded under civil practice law. Okay, thank you. Thank you, Judge. So with that, I'd move on to the second issue. And that deals with whether here the court erred in finding that the evidence that was presented was not sufficient to conclusively change the outcome of the sentencing hearing. In support of the petition, Ms. Bresch attached multiple affidavits, as well as transcripts, also a transcript from her co defendant, who was her domestic violence abuser in this case, as well as a expert opinion from Dr. Vannata regarding domestic violence evidence. The allegations that the most serious is that right before the kidnapping took place, that Danny Edwards, her co defendant and abuser, basically threatened her with a gun and said that if she did not go ahead and drive him to certain places late at night, that he would kill both her and her son. He also said that someone was threatening him. And they were planning to kill his ex wife and his children. If Nancy Risch did not comply. And in addition, he also made several phone calls to her in a made up voice, making her think that someone was in So clearly this evidence, especially the threat of the gun and killing her and her son, is more than sufficient evidence to show mitigation, because even under criminal law, that would be sufficient to demonstrate a compulsion affirmative events in a criminal case. So clearly the judge in ruling on the allegations that we set forth with the evidence, aired because it was sufficient for a legal affirmative compulsion defense in a criminal case, it's more than sufficient to demonstrate by a preponderance of evidence that she should be allowed to present this mitigation evidence. In addition, your honors, this is exactly the type of evidence that the legislature looked at in satisfying the burden for getting a new hearing. Interesting in the legislative session, there was a discussion between Senator Ryder and Senator Raul. And Senator Ryder said, so by the way, for example, where an individual is a passenger in a car, the driver, which goes to the liquor store, and there is an armed robbery, a charge of some kind of accomplished theory or conspiracy theory. In that instance, she could raise as a factor in mitigation, the fact that her husband had abused her for a period of time, and she was under the threat of serious physical harm, were she not to ride in the car and be part of this? Is that what the bill envisions? And then the presiding officer, Senator Harmon asked Senator Raul, and Senator Raul said, that's exactly right, Senator Ryder. Now, I find it interesting that Senator Raul, of course, is now the present Attorney General of Illinois. And he said that just about the identical type of evidence that Ms. Risch has set forth in her petition would in fact be sufficient under these circumstances to entitle her to a resentencing hearing for mitigation evidence. So I don't frankly understand why the because the Attorney General himself, when he was a senator, said evidence directly analogous to Mr. Risch's cases. It was almost identical where she was told to drive him in a car late at night to certain locations under threat of having her and her child killed. How that would not constitute evidence that was admissible at a resentencing hearing, I simply cannot fathom. Oh, it's unfortunate he's not present to argue, right? It is. So we could ask, we could ask him that very question. You could, you could. And I hope you will ask my opposing counsel that question, Your Honor. So, but I think that demonstrates the legislature clearly envisioned that this was just the type of evidence that should provide grounds for a new resentencing hearing. In addition, here, the judge has found that it's not conclusive evidence and yet he's doing so again. This is at the pleading stage. He's not allowed to weigh the evidence. He has not heard the credibility of the witnesses that provided the affidavits. He's not heard, he's not weighed the seriousness of the offense versus Ms. Risch's potential for rehabilitation, which he's required to do under the proportionate penalties clause of the Illinois constitution. I just think this is totally an error to do on the face of the pleadings on a motion to dismiss. This is just not the judge's job to weigh the merits of the case. He is supposed to look at the allegations, take them as true. And that being the case, I cannot envision anything more serious other than if Mr. Edwards had actually shot Ms. Risch's son to force her to comply with him, that this was not for advancement to a resentencing hearing. In addition, the state has argued here that basically the seriousness of the offense is what should be considered by the court. And she has basically said that the state should not be compelled by the four corners of the pleading as you would do in a normal civil case. And that they're essentially arguing, and the trial judge for what we would call it a severity exemption from the domestic violence amendment. However, as the court will note, the plain language of the statute says that all Ms. Risch is required to demonstrate is that she was convicted of a forcible felony under subsection one of B5. It did not say that she's excluded if there was brutal and heinous conduct, or if the intended to exclude individuals involved in these type of murder cases, they would have done so. Can't those factors Mr. Becker be considered at a sentencing hearing? Yes, they certainly can. Yes. And let me ask this, was there any reason she couldn't have raised those defenses, factors and mitigation at her original sentencing hearing? Yes, because that kind of evidence was not considered by statute as mitigating until 2016, when the legislature went ahead and amended both this domestic violence amendment and the other section to section 15 to the criminal code. So that's when this became mitigating evidence. And so at the time, this evidence was not considered mitigating and it was actually submitted for other purposes. For example, for showing lack of mens rea or lack of scienter and her attorneys were also alleged to have been ineffective at the time. So this was not considered mitigating at the time. Thank you. And then lastly, Judge, I see I don't have too much time. So I'll try to get my last issue, which is regarding errors here and why the judge should be removed on remand. There's a case called People v. Reyes, which I cited in my brief, which is almost identical, where a judge in a post conviction case at the pleading stage stated basically that he did not believe the evidence was conclusive enough in a police torture case to continue the case on for second stage proceedings. And there was 23 instances of misconduct alleged against a detective Guevara. And so the appellate court reversed that decision. And then on remand under rule, I believe it was 355A, sent the case back and said that that judge should not be sitting on the case. And they remanded it for a new judge because he was actually ruled on the most important issue in the case. I see my time is over. So thank you very much. Thank you, Mr. Governor. Ms. O'Connell. Good afternoon. I am Assistant Attorney General Erin O'Connell on behalf of the people. Just to address the point that came up in my opposing council's argument, I am certainly not Kwame Rowell himself. But I think it is an important backdrop that the Attorney General was instrumental in passing this legislation. The legislation had two components. One was going forward. This would be considered mitigating evidence at every sentencing hearing going forward. B-5 opened the door a little bit to cases that were already final at the time the legislation was passed. But it only opened the door a little bit. I think the criteria that are set forth in B-5 are very stringent criteria. They actually mirror in some respects the actual innocence standard, which, as this court knows, is a really stringent standard. I would also note this case was initially before this court. It didn't get argued. But the people had raised the time bar defense, which was a meritorious defense. The Attorney General, at the request of Petitioner, agreed to waive the time bar defense. What that means is he allowed us to proceed to a decision on the merits. To have the courts look at the evidence that the Petitioner has put forward at this point and to determine whether that is sufficient under B-5 to show that it is of a conclusive enough character that it would have altered the sentence at the original sentencing hearing. And I would take issue with the representation that the trial court's ruling here failed to identify a defect. I think the court was crystal clear. The court noted that Illinois is a fact-leading jurisdiction, that the Petitioner at this point cannot simply set forth legal conclusions. She must set forth factual allegations to support those. In her petition here, she does have a conclusory allegation that this evidence meets the fifth element of B-5. But what is missing and what is crucial in this context is it omitted all discussion of what the crime is for which she was sentenced and the basis for the trial court's initial sentence here of life in prison. And I think it's telling that Petitioner has really fought very strenuously in the court below and in this court to omit any reference whatsoever to the record of what that was what her level of involvement is and then what the basis was for the sentence. And the sentencing transcript shows that the court actually did consider much of the factors that she's relying on here. So the court recognized that she was not the principal actor. Dani Edwards was the principal actor. But the evidence showed and the jury found that she was an intentional and knowing participant in this kidnapping scheme in which Stephen Small was ultimately buried alive. Based on it was a consideration on the one hand of her level of involvement, her lesser involvement, and her potential for rehabilitation. Obviously at the time she had no criminal history. The court recognized this and said notwithstanding those factors weighing in favor, the nature of the crime here compels me to impose the most serious sentence. And that's where this discussion should be starting. Would the new evidence that Petitioner has of the domestic violence have altered that balancing that was struck by the original trial judge? So and the question I think is easy to answer in a couple of respects because- I'm not sure I can answer that. I'm not sure I can answer the question of domestic violence back then. And so this was presented at her trial. There were two places that this evidence was put before the jury and the trial judge. There were her police statements, many of which were taped and then played in full for the jury. And there was her trial testimony. In both of those, many of incidents were discussed. So when counsel is referring to evidence of a compulsion defense, she did essentially raise these sort of threats of violence against herself and her son and claim that those were the reasons that she was a participant and an unknowing participant and should be acquitted of participation in this felony murder. Much of that evidence was before the court. It was not presented at her sentencing hearing, but it was considered at her sentencing hearing because the trial judge referred back and said, you know, I'm considering the trial evidence here. So much of this was directly in front of the court. And essentially what's being supplemented here is not, for the most part, evidence relating to abuse by her co-defendant. She is adding some evidence that there were other people in her life that committed acts of domestic violence. I think she refers to her father. She refers to her former boyfriend. That can be considered new and supplemental, but it is removed from the ultimate question here, which is these evidence of the co-defendant's domestic violence was really what would have a bearing here on her culpability and potential mitigation of her sentence. That at a brand new sentencing hearing today, I think be admissible on this mitigating factor of domestic violence. But the question that this court has to answer is, is that evidence conclusive enough here where this sentence was entered 30 years ago, you know, based on a thorough consideration of a very lengthy record, is that new evidence enough for her to obtain relief from her life sentence? And at this point, what she's requesting is basically a brand new sentencing hearing. I would note that this will be a drastic remedy and certainly here where there was such extensive testimony. Were there any allegations in this petition that's under review now that you will concede is new, that was not presented at trial explicitly or maybe perhaps implicitly? So I would say that the central allegations that she is pressing the most here. So for example, the threat with the gun around the time of the kidnapping, that was before the court. I would concede that there may be some details that have been added to sort of flesh out these allegations. And then also these, the evidence of domestic violence by other partners and by her father, none of that was before the court at the time of sentencing. So those would be fairly considered new. Why would they not be sufficient under this amendment? So the question, the court has to look at what was the basis for the sentence originally and the way that the statute is written makes clear that the ultimate question is what impact would this new evidence have had if known to the original trier effect who here imposed sentence. So in that inquiry, the court has to look at the at the time he imposed sentence. And here the record is really clear that the court very carefully considered much of what is being argued as mitigating. He considered, you know, even if it didn't show a compulsion defense, her evidence did establish that she was a less culpable actor here than Danny Edwards. He considered that. He considered her rehabilitative potential. And ultimately he said, nevertheless, based on the evidence that I've heard at trial, this was, you know, one of the most serious crimes I think in Kankakee County, certainly, you know, for decades, the court relied very heavily on the horrific nature of the crime. She is a knowing participant in that crime, even though she was not a principal actor, she could not have been convicted if she was not a knowing participant, that would have been a it was rejected. And it was rejected even based on much of this evidence in her statements to police and her trial testimony, attempting to say that she was an unwitting participant who was being influenced by Danny Edwards and sort of intimidated by him into participating. That was rejected by the jury, by the trial judging and imposing sentence. The question is whether the additional facts she's added here would have altered that balance. And if the court really looks closely at the sentencing hearing findings, I think the only conclusion is that it would not have altered that balance here. And so even though B-5 does allow, we're not disputing that petitioner is absolutely not precluded from filing this claim. She committed a forcible felony. She has met certain requirements, the elements of B-5, which she has not met and which was included in this and was intended to prevent needless resentencing hearings was this fifth element that it has to be of a sufficiently conclusive character. The trial judge was very clear here that that was not adequately pleaded in her petition. He did, and I do dispute, I mean, he was very clear that what was missing here was that discussion of what was the crime, what was the basis for the sentence. He told petitioner if she wanted to replead in this case to fix those defects, she was free to do so. Petitioner opted not to do that. And I mean, we're certainly not contesting that this court has jurisdiction that this was the final order. It is telling though that petitioner after being told what was missing from her this court should just completely ignore what the evidence was at trial, what the original sentencing was, and to limit itself to just the four corners of this pleading and what is ultimately just a conclusory allegation on her part that this would have had a sufficiently conclusive character. I did want to briefly address the way in which this works. I think this is an issue of first impression under 214.01b5, but the background principles of how 214.01 is intended to work are pretty established. And, you know, the General Assembly put 214.01b5 into 214.01b5,  restrictions of 214.01 come into play here. So 214.01 has to be filed in the original case. It is a separate and a new pleading, but there's a reason it has to be filed in the original case, and that's because leading up to the judgment, all of what has happened in the trial leading up to that point is relevant to determining whether the petitioner is entitled to relief from the judgment that she is challenging. Because of the way 214.01 works, I think it's implicit that the court has to consider the full record. So here there was a pleading defect, as we've noted, but also under 214.01, this court should not avoid looking at the allegations in the light of the original record here, the trial record. Would you refresh me as to the pleading defect you're alleging? Sure. So in terms of the trial court's ruling, I think it was clear, the court emphasized that there needed to be non-conclusory factual allegations. So I would point the court to A6, where he focused on that as the backdrop principle. And then he found specifically that she had not met the fifth element of B5, and that is in A7. Now the court can go back and look at the allegations of the pleading, and it's clear the reason for the court's ruling was that there is nothing in there but a conclusory allegation that this would have been conclusive. The types of factual allegations that would have gone to showing this element would have been a full and a fair discussion of what the crime was, a discussion of what the basis was for the original sentence, and then an attempt to grapple with that evidence to show why this new evidence is of such conclusive character. It's telling that the 214.01 and the litigation strategy here has thought to exclude all of that trial evidence altogether. And that was not lost on the trial judge certainly in rendering its ruling, and this court should also not be persuaded that this should somehow be overlooked because the issue here is what should be the sentence for this crime? And in order to answer that question, the court has to look at what the crime is. So that is the fundamental pleading allegation, and I think the court can also, 214.01 is sort of a unique hybrid. So we have focused on this under 2-615 just on the face of the petition, but there's also going to be the ultimate question under a summary judgment type analysis of has she made a sufficient showing on the broader record? And this is clear from People v. Vincent sort of sets forth the different steps in the 214.01. So certainly there's a facial sufficiency of the pleading itself, then there's whether it should survive a more summary judgment type analysis, and then the is if it succeeds at those two stages, there generally has to be a testing of the evidence and evidentiary hearing. So here, I don't think we proceed directly to a new sentencing hearing. I think we're at the stage, if this goes back, that there has to be an evidentiary hearing on the credibility of her allegations, and the court can at that time determine whether B-5 is satisfied. If B-5 is satisfied, that's when she would get the new sentencing hearing. That's when she's shown that she's entitled to relief from the original judgment of conviction and sentence, and that's when the resentencing should go forward. But I did want to note that the court should not simply remand now for resentencing with skipping all of those steps. And I see my time is up. So I'd ask that the court affirm the judgments below. Any questions? I just have a question. One, Ms. O'Connell, it's kind of hard to say what you're just asking for relief now, limited relief, if it went back. Human beings being what they are, don't you think that's what the trial judge already did in his own mind? I mean, it's kind of hard when you read that language, not to do that step you're asking for a formal hearing on. And this, I thought, I think kind of harkens back to the court's initial question of, isn't this sort of a weird hybrid? Yes. The court did engage in the exercise that B-5 seems to be asking for, but he did, I think, accept as true the allegation. So what still needs to be done if this court finds that it was facially sufficient, is a testing of the credibility of those allegations. And I don't think in any way the trial court did attempt to resolve any credibility issues here. He undertook the analysis under 2-615 in applying it to this sort of oddly worded hybrid claim under B-5. Okay. Thank you. All right. Thank you, Mr. O'Connell. Mr. Baker. That's how you lose yourself. There you go. My apologies. Thank you. Judge, I don't understand the Attorney General's argument that there was any defect in the asserted that there was a conclusory allegation. I don't understand that either. This petition was filled with multiple affidavits. It was filled with a new evidence that had nothing to do with the original case from a evidence deposition that was taken of Danny Edwards, where he admitted to carrying out this abuse against Ms. Risch. In addition, we have other affidavits from as an expert opinion from Dr. Vannata regarding the effect that this would have on Ms. Risch at the time. So this record is filled not with any conclusory allegations, but with evidentiary material to support the allegations in the petition. So I simply don't understand in any way Ms. O'Connell's argument that these allegations are conclusory. They're backed up by evidentiary affidavits, transcripts, and expert opinions. In addition, Judge, this case we think should go back for a resentencing hearing, and I do agree the judge has clearly made his mind up here already. I don't think he has a right without us having a resentencing hearing to make a decision on Ms. Risch's state, whether she gets a new sentence. She has a right under this amendment. This was done for the purpose, I look at it as identical to the revolution in juvenile sentencing, which is based on the new science of brain science, social science, and as I'm sure the court is aware, there have been multiple cases brought for juveniles and emerging adults. This is similarly, this amendment was passed by the legislature with support of Attorney General Raul for the purpose that there is new brain science that demonstrates the effect upon women who are abused by individuals just like Dani Edwards, who threatened to kill her and her son if she did not go along and drive him to these areas late at night. There's no evidence that client had any direct participation in the kidnapping or in the burial of Mr. Small. The only allegation ever made against her was that she drove him to certain locations late at night because she was threatened. This is the identical purpose that we have this amendment for, and I don't see any basis for a pleading objection here, and Ms. O'Connell had also said that they had agreed to go back on the merits. If the Attorney General, after the case was remanded the first time, if they wanted to argue the seriousness of the offense and the merits of this case, they should never filed a 2615 motion. That was their own choice. If they wanted to argue that this offense was so serious that she could never get a new sentence, they should have gone to a resentencing hearing and not filed a motion to dismiss. It was their choice. They filed the motion to dismiss on the pleadings. Once they did that, they were boxed in by the four corners of the petition. They have no one to blame but themselves. The Attorney General wants to come to court like they did with the trial court in order that we have to review the whole record. The whole record is not on display here. What's on display is the petition and the evidentiary material that we attached to the petition. The judge's sole job as the arbitrator was to look at the pleadings in a light most favorable to my client and to look at the evidence that was attached to the petition. When you do so, as I mentioned, this clearly satisfies the compulsion defense in a criminal case. If it does so, it clearly would permit the court to make the conclusion that Ms. Rich is at least entitled, based on the new science and the new amendment, to go to a resentencing hearing where the lower court judge may consider the credibility of the witnesses, where all the evidence may be marshaled. At that point, Ms. O'Connell can argue until she's blue in the face about how serious this crime is. Until we get to that point, my client has a right to put on her mitigation evidence of domestic violence. As I mentioned, the amendment makes no exclusion for the severity of the offense. It's just not anywhere in the language of the amendment. All she has to satisfy is that she was convicted of a forcible felony and that she was the victim of domestic violence abuse, which she clearly was. On that basis, Your Honor, I would ask that you reverse the trial court's ruling because it was clearly erroneous on the pleadings, that you would send it back for a resentencing hearing, and because, as Justice Holder said, the judge had clearly already made up his mind on the central issue in the case, we think that there needs to be a new judge assigned on remand. Thank you very much for your time. I have just one question, Mr. Becker. Is it fair characterization that the new evidence in this, and the new evidence that was contemplated when this amendment was enacted, is very similar, I think you said earlier, to the new view we have of development in juveniles, and etc., and decision-making abilities, etc., in the juvenile context. That is the new evidence we're really talking about in this case, under this amendment, right? That's part of the new evidence. That, I would say, is the rationale for why they created the amendment. It was similar because they said that prior to this time, and if you'll see in Dr. Venata's expert opinion that was attached to the petition, she mentioned this, that similarly, there's been a revolution of brain science coming forward, and that's why this was the basis for this amendment. And so, the new evidence that we have submitted is, in part, Danny Edwards' admission that he did use these abusive tactics against Ms. Risch, as well as Dr. Venata's expert opinion, demonstrating the importance of this new evidence, and why, when the original court would have done the sentencing, this would not even have been a consideration of mitigation. And that's why we think this is critical, that this case go back for a resentencing hearing. Thank you. Thank you so much. Any other questions, Justice Edwards? No. Justice Smith, anything? I guess not. No, no, no, nothing for me. Thank you. We will take this matter under advisement to pass it with a written disposition within a short time. I will now take a recess. No, until 3 o'clock today. Thank you again for your participation.